*Thirteenth Judicial District.*

# In the Court of Common Pleas of Susquehanna County.

FANNY J. MULFORD, *Devisee, v.* BAILEY THATCHER, *Garnishee of* D. M. TIFFANY.

1. The exemption allowed to a widow by the act of 1851, has priority to a debt contracted prior to the date of the act.

2. The right of a widow to have a debt due to her deceased husband's estate set off to her, as her exemption under the act of 1851, there being no other assets, will not be defeated by an attaching creditor who has acquired a lien upon the debt, by service of his attachment, prior to the deceace of the debtor.

Opinion by

STREETER, P. J. The plaintiff obtained a judgment in the court of common pleas of Susquehanna county against D. M. Tiffany. An execution attachment was issued in the life-time of D. M. Tiffany, and served upon Bailey Thatcher, garnishee. Subsequent to the service and return of the attachment, but before any other proceedings were had, D. M. Tiffany died, and letters of administration were granted to his wife, Julia M. Tiffany. The estate, real and personal, did not exceed $300, including the debt due from Bailey Thatcher, garnishee in this case. The widow claimed this debt as a part of her exemption, and the report of the appraisers setting the same apart to her was filed in the orphans' court and confirmed *ni si.* · The plaintiff filed interogatories, and the garnishee filed answers, admitting the indebtedness, but stated the facts as above recited. Upon this answer, plaintiff's counsel moves for judgment on the following grounds:

1. The debt to plaintiff, as shown by the record, was contracted prior to the exemption law of 1851, under which the widow claims.

2. The debt ·having been attached in the life-time of the defendant, never came into the hands of the administratrix, and can not be set off to the widow as against the attaching creditor.

The first position was not much relied on upon the argument. Baldy's appeal in McAllister's estate, 4 Wr. 328 ; and many cases since, settle this point against the plaintiff. See 6 Wr. 204, 12 Wr. 243.

The second point presents the difficult question in the case. How does the service of the attachment change the title of the property attached? "A foreign attachment ·gives the attaching creditor a lien on the debt due by the garnishee to the defendant, so far as to restrain the garnishee from paying it over to his creditor, but no further." Sergeant on Attachment, p. 116. An execution attachment can be placed on no higher ground. The attachment then, at the death of Tiffany, was a lien, and nothing more upon this debt. The cases cited show that a lien of a judgment, acquired since the passage of the exemption law of 1851, will be postponed to the widow's right of exemption. Why, then, should a

lien created by an execution attachment, have priority over the exemption allowed the widow by the act of 1851? We fail to discover any reason, or to find any authority for such a position. The cases which prove that a widow's exemption stands upon higher ground than an ordinary judgment lien, by analogy, must decide this question. For the reasons given, we must deny the plaintiff's motion for judgment.

*Wm. H. Jessup*, Esq., for plaintiff; *J. B. McCollum*, Esq., for def't.